**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHNNY W. ULMER**
Cataldo Law Offices, Inc.
Bristol, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE VISITATION OF L.W.,    )
                                 )
D.W.,                            )
                                 )
    Appellant-Respondent         )
                                 )
        vs.              )    No. 71A03-1308-JM-300
                                 )
G.W. and C.W.,                   )
                                 )
    Appellees-Petitioners.       )

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Barbara J. Johnston, Magistrate
Cause Nos. 71J01-1204-JM-6 & 71J01-1201-PO-9

**February 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

D.W. ("Father") appeals the entry of a grandparent-visitation order by the St. Joseph Probate Court, arguing that only the Marion Superior Court had jurisdiction to rule on the issue of grandparent visitation. Because the St. Joseph County case was consolidated with the ongoing paternity case in the Marion Superior Court, and that court has since ruled on the issue of grandparent visitation, we therefore dismiss Father's appeal as moot.

**Facts and Procedural History**

Father's paternity of his son, L.W., was established by order of the Marion Superior Court in 2008. Custody, parenting-time, and child-support issues related to L.W. were litigated in the Marion Superior Court in the years that followed.

In 2011, L.W.'s paternal grandparents, G.W. and C.W., filed a petition for visitation in the St. Joseph Probate Court. *See* Appellant's App. p. 5 (CCS). In June 2013, the St. Joseph Probate Court entered an order authorizing grandparent visitation. *See id.* at 2 (CCS), 24-25.

But one month later, on the grandparents' motion, the Marion Superior Court consolidated the Marion County and St. Joseph County cases. *See id.* at 10-11. As a result, no further action was taken in St. Joseph County with respect to L.W. Instead, the Marion Superior Court considered the issue of grandparent visitation, and the Chronological Case Summary for Cause No. 49D05-0808-JP-034993 shows that the court ultimately entered a series of orders permitting visitation. None of those orders are

at issue in this appeal; Father only appeals the St. Joseph County grandparent-visitation order.

## Discussion and Decision

Father appeals the order from the St. Joseph Probate Court authorizing grandparent visitation. He argues that the Marion Superior Court has exclusive jurisdiction to rule on the issue of grandparent visitation.[1] But after the St. Joseph County case was consolidated with the ongoing paternity case in the Marion Superior Court, the Marion Superior Court *did* rule on the issue, permitting L.W.'s paternal grandparents visitation. Therefore, Father's appeal from the St. Joseph County order is moot. As this Court explained in *In re the Adoption of A.N.S.*, 741 N.E.2d 780, 787 (Ind. Ct. App. 2001):

> An appeal is moot and this court lacks jurisdiction when: (1) it is no longer live or when the parties lack a legally cognizable interest in the outcome, (2) the principal questions in issue are no longer matters of real controversy between the parties, or (3) the appeals court is unable to provide effective relief upon the issue.

Here, after consolidating the two cases, the Marion Superior Court ruled on the issue of grandparent visitation—which is what Father advocates for on appeal. And Father is not appealing that court's ruling; thus, this Court cannot provide effective relief upon the issue.

---

[1] We agree with Father on this point. "Once jurisdiction over the parties and the subject matter has been secured, it is retained *to the exclusion of other courts of equal competence until the case is resolved*, and the rule applies where the subject matter before the separate courts is the same, but the actions are in different forms." *In re Marriage of Huss*, 888 N.E.2d 1238, 1241 (Ind. 2010) (emphasis added) (*citing In re Paternity of Fox*, 514 N.E.2d 638 (Ind. Ct. App. 1987), *trans. denied*).

This appeal is dismissed.

MAY, J., concurs.

RILEY, J., concurs in result without opinion.